IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN THOMAS BROGAN,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER SETTING EVIDENTIARY HEARING<br><br><br><br>Civil Case No. 2:12-CV-444 TS<br><br>Criminal Case No. 2:10-CR-284 TS |

This matter is before the Court for consideration of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  In addition, Petitioner has filed a Motion for Expedited Disposition and Respondent has filed a Motion for Extension of Time to File Response and Motion to Vacate Default Certificate.  For the reasons discussed below, the Court will grant the Respondent's Motions and will deny Petitioner's Motion for Expedited Disposition.  The Court also finds that Petitioner's § 2255 Motion requires an evidentiary hearing and will, therefore, appoint Petitioner counsel and set this matter for an evidentiary hearing on his claim for ineffective assistance of counsel.

1

I.  BACKGROUND

On April 8, 2010, Petitioner was charged in a twelve-count indictment alleging bank fraud in violation of 18 U.S.C. § 1344 and mail fraud in violation of 18 U.S.C. § 1341.  The criminal activity alleged was the execution of a scheme to duplicate invoices and payments to vendors of his contract employer, and route the duplicate payments to Petitioner's personal accounts.

Petitioner entered a plea of guilty to Counts I and II of the Indictment on February 17, 2011.  Petitioner entered his plea pursuant to a written plea agreement.  That agreement contained the following factual statement: "Using this scheme, I was able to cash approximately $300,000 of fraudulent . . . checks, and I attempted to cash approximately $100,000 more."[1]  The Presentence Report ("PSR") prepared in this case set forth the facts of Petitioner's scheme to defraud, and concluded that the total loss for sentencing purposes was $404,388.  This resulted in a 14-level increase in the offense level under the advisory Sentencing Guidelines pursuant to U.S.S.G. § 2B1.1(b)(1)(H).  Counsel for Petitioner did not object to this loss figure or to the language contained in the plea agreement.

On May 5, 2011, Petitioner was sentenced to 37 months' imprisonment.  No direct appeal was taken.  Petitioner timely filed his § 2255 Motion on May 4, 2012.  Pursuant to his Motion, Petitioner brings a single claim for ineffective assistance of counsel based on Petitioner's counsel's alleged failure to object to the addition of $24,615.84 to the intended loss amount where that amount was based on an invoice that did not incur fraudulently obtained funds.

---

[1]*See* Case No. 2:10-CR-284, Docket No. 27, at 3.

## II.  DISCUSSION

A.      SECTION 2255 MOTION

28 U.S.C. § 2255(b) provides:

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

To determine whether an evidentiary hearing is necessary, the Court must determine whether Petitioner's allegations, if proved, would entitle him to relief.  "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[2]  If the allegation is that the ineffectiveness resulted in an incorrect application of the guidelines resulting in longer incarceration, prejudice is presumed.[3]

The Court finds that Petitioner's § 2255 Motion contains allegations which, if proved, would entitle him to relief.  In his Motion, Petitioner asserts that the Court's determination of the loss amount in this case was made in error because the amount stipulated to by Petitioner's counsel was not supported by the evidence.  More specifically, Petitioner alleges that his counsel was ineffective by failing to object to the inclusion of an invoice for which no fraudulent check was either deposited or cashed.  Under the Sentencing Guidelines, "the [G]overnment has the

---

[2]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)).

[3]*See Glover v. United States*, 531 U.S. 198, 204 (2001); *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003).

burden to prove the amount of loss by a preponderance of the evidence."[4]  If, as Petitioner alleges, his counsel was aware that the loss amount included in the PSR and relied upon by the Respondent was partially unsupported, Petitioner may generally show that counsel's performance fell below an objective standard of reasonableness.  Further, such would have resulted in an incorrect application of the guidelines and a longer term of incarceration.

Based on the foregoing, the Court finds that Petitioner's claims, if proved, would entitle him to relief and the Court is unable to conclusively find that he is not entitled to relief. Therefore, the Court finds an evidentiary hearing is necessary in this matter.

B.    RESPONDENT'S MOTIONS

On May 5, 2011, this Court ordered the United States Attorney to respond to Petitioner's Motion by July 16, 2012.[5]  As of July 26, 2012, the Respondent failed to file its response and, therefore, Petitioner moved the Clerk of Court for a default certificate.  The Clerk of Court granted the default certificate on July 30, 2012.  That same day, Respondent filed its Motion for Extension of Time.  On July 31, 2012, Respondent moved the Court to vacate the entry of default certificate.  Petitioner opposes both motions.

Federal Rule of Civil Procedure 55(c) provides that a "court may set aside an entry of default for good cause."  Rule 6(b) also provides that the Court may, for good cause, extend the

---

[4]*United States v. McAlpine*, 32 F.3d 484, 487 (10th Cir. 1994) (citing *United States v. Reddeck*, 22 F.3d 1504, 1512 (10th Cir. 1994)).

[5]Docket No. 3.

time within which an act may or must be done "on motion made after the time has expired if the party failed to act because of excusable neglect."

Here, the Court finds that good cause exists to set aside the entry of default.  In its Motion, Respondent indicates that new counsel was appointed to this case after the Court had entered its Order to Respond, and counsel was unaware of the time limitation until it had passed. The Court further finds that Respondent's failure to move for an extension prior to the termination of the Court's deadline was the result of excusable neglect.

Based on these findings, the Court will grant Respondent's Motions.

C.    MOTION TO EXPEDITE

Petitioner moves the Court to expedite its consideration of his § 2255 Motion because "[a] reduction in [Petitioner's] sentence that includes post-conviction relief would result in his immediate release from incarceration."[6]  Petitioner's request, however, presumes that this Court will find his § 2255 to be meritorious and that the Court will amend Petitioner's sentence to the range Petitioner asserts is proper.  Because of the uncertainty in the outcome of this case, the Court finds that good cause does not exist for expediting consideration of Petitioner's claims. Rather, the Court must hold a hearing on Petitioner's claim.  For this reason, the Court will deny Petitioner's Motion.

---

[6]Docket No. 13, at 2.

5

III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Respondent's Motion for Extension of Time to File Response (Docket No. 6 in Case No. 2:12-CV-444 TS) is GRANTED.  It is further

ORDERED that Respondent's Motion to Vacate Default Certificate (Docket No. 8 in Case No. 2:12-CV-444 TS) is GRANTED.  It is further

ORDERED that Petitioner's Motion for Expedited Disposition (Docket No. 13 in Case No. 2:12-CV-444 TS) is DENIED.

The Court, by separate order, will appoint counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Once counsel is appointed, the Court will set this matter for an evidentiary hearing.

DATED   February 19, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge