IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN THOMAS BROGAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING § 2255 MOTION<br><br><br><br>Civil Case No. 2:12-CV-444 TS<br><br>Criminal Case No. 2:10-CR-284 TS |

This matter is before the Court for consideration of Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. The Court has considered the pleadings, the record, and the evidence presented, and, for the reasons discussed more fully below, will deny Petitioner's § 2255 Motion.

I. BACKGROUND

On April 8, 2010, Petitioner was charged in a twelve-count indictment alleging bank fraud in violation of 18 U.S.C. § 1344 and mail fraud in violation of 18 U.S.C. § 1341. The criminal activity alleged was the execution of a scheme to duplicate invoices and payments to vendors of Petitioner's employer, and route the duplicate payments to Petitioner's personal accounts.

1

Petitioner entered a plea of guilty to Counts I and II of the Indictment on February 17, 2011. Petitioner entered his plea pursuant to a written plea agreement. That agreement contained the following factual statement: "Using this scheme, I was able to cash approximately $300,000 of fraudulent . . . checks, and I attempted to cash approximately $100,000 more."[1] The Presentence Report ("PSR") prepared in Petitioner's criminal case set forth the facts of Petitioner's scheme to defraud, and concluded that the total loss for sentencing purposes was $404,388. This resulted in a 14-level increase in the offense level under the Advisory Sentencing Guidelines pursuant to U.S.S.G. § 2B1.1(b)(1)(H). Neither Petitioner nor his counsel objected to this loss figure or to the language contained in the plea agreement.

On May 5, 2011, Petitioner was sentenced to imprisonment for 37 months. No direct appeal was taken. Petitioner timely filed his § 2255 Motion on May 4, 2012.

In his Motion, Petitioner claims that his "counsel was ineffective in failing to challenge the inclusion as relevant conduct the value of one check which increased his offense level two levels and therefore increased his advisory Guideline range."[2] In a prior memorandum decision, this Court evaluated Petitioner's allegations of ineffective assistance and held that "Petitioner's claims, if proved, would entitle him to relief."[3]

---

[1] Case No. 2:10-CR-284, Docket No. 27, at 3.

[2] Docket No. 11, at 3 (internal quotation marks and citation omitted).

[3] Docket No. 14, at 4.

An evidentiary hearing was held in this matter on May 22, 2013.[4] At that hearing, the Court heard testimony from Petitioner and from Jon Williams, Petitioner's counsel in the underlying criminal matter.[5]

Petitioner's testimony mirrored the allegations of his petition. Petitioner testified that, prior to entering his plea, he raised the issue of two unsupported invoices being improperly included in the loss amount with Mr. Williams. According to Petitioner, each time he raised this objection, Mr. Williams would summarily respond that the invoices counted as intended loss. Petitioner maintained that it was because of Mr. Williams's insistence that the invoices counted that he did not object to their inclusion in the plea agreement and PSR.

Mr. Williams testified that, while he has very little memory as to the specifics of Petitioner's criminal case, it is his normal practice to take seriously and thoroughly investigate any objections his clients have to specific invoices such as the invoices at issue in this case.

## II. DISCUSSION

28 U.S.C. § 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[4]Docket No. 29.

[5]*See* Docket No. 30.

"Section 2255 is available to correct errors of constitutional or jurisdictional dimension, or fundamental errors which result in a complete miscarriage of justice."[6] When bringing a § 2255 motion, "the petitioner has the burden of proving that his sentence is invalid."[7]

"Section 2255 petitions are not available to test the legality of matters which should have been raised on direct appeal."[8] If an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[9] "A defendant may establish cause for his procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment."[10]

In this matter, Petitioner did not pursue a direct appeal and, thus, did not raise on appeal his challenge to the loss amount and the PSR. As a result, Petitioner's challenge to the accuracy of the PSR is barred unless he can show either cause and prejudice or a fundamental miscarriage

---

[6]*Brown v. United States*, 34 F.3d 990, 991 (10th Cir. 1994) (internal citations omitted).

[7]*United States v. Edmonson*, 922 F. Supp. 505, 510 (D. Kan. 1996) (internal quotation marks and citation omitted).

[8]*United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994); *see also United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987).

[9]*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also United States v. Frady*, 456 U.S. 152, 167–68 (1982).

[10]*United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

of justice. Petitioner seeks to establish cause for his failure to bring his claim on appeal by demonstrating that he received ineffective assistance of counsel.

"To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[11] Thus, to maintain a claim for ineffective assistance of counsel, Petitioner must prove two elements. First, he must show that counsel's performance was deficient.[12] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed [Petitioner] by the Sixth Amendment."[13] Second, he must show that counsel's deficient performance prejudiced Petitioner's defense.[14]

A court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[15] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[16] Finally, there is "a strong presumption that counsel

---

[11]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

[12]*Strickland*, 466 U.S. at 687.

[13]*Id.*

[14]*Id.*

[15]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[16]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[17]

Here, because Petitioner's allegation is that counsel's ineffectiveness resulted in an incorrect application of the guidelines resulting in longer incarceration, prejudice is presumed.[18] Thus, Petitioner's Motion turns on whether counsel's performance was deficient.

After reviewing the evidence presented and record in this case, the Court finds that Petitioner's testimony and recitation of events lacks credibility. In contrast, the Court finds Mr. Williams to be aggressive and forthcoming. Thus, to the extent Petitioner brought the invoices in question to Mr. Williams's attention, the Court finds that Mr. Williams would have followed his normal practice and properly inquired as to the inclusion of those invoices in the loss amount. Mr. Williams's "normal practice" runs directly contrary to the deficiencies Petitioner alleges transpired in this case. For this reason, the Court finds that Petitioner has failed to overcome the strong presumption that Mr. Williams provided effective assistance in the underlying criminal matter.

In sum, the Court finds that the evidence and record in this case do no support Petitioner's allegations of ineffective assistance of counsel. It follows that, because Petitioner's ineffective assistance claim fails, his challenge to the loss amount and PSR are procedurally barred.

---

[17]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[18]*See Glover v. United States*, 531 U.S. 198, 204 (2001); *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003).

### III.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in Case No. 2:12-CV-444 TS) is DENIED.  It is further

ORDERED that pursuant to Rule 11(a) of the rules governing § 2255 cases, the Court DENIES Petitioner a Certificate of Appealability.

The Clerk of Court is instructed to close Case No. 2:12-CV-444 TS forthwith.

DATED   June 6, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge