IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEVIN THOMAS BROGAN, <br><br> Petitioner, <br><br><br><br> vs. <br><br><br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RELIEF FROM ORDER <br><br><br><br><br><br> Civil Case No. 2:12-CV-444 TS <br><br> Criminal Case No. 2:10-CR-284 TS |

This matter is before the Court on Petitioner Kevin Thomas Brogan's Motion for Relief from Order Denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255.[1] For the reasons discussed below, the Court finds Petitioner's Motion to be an unauthorized second or successive § 2255 petition and that it is not within the interests of justice to transfer the Motion to the Tenth Circuit Court of Appeals. Therefore, the Court will dismiss this matter for lack of jurisdiction.

---

[1]Docket No. 33.

1

I.  BACKGROUND

On April 8, 2010, Petitioner was charged in a twelve-count indictment alleging bank fraud in violation of 18 U.S.C. § 1344 and mail fraud in violation of 18 U.S.C. § 1341.  The criminal activity alleged was the execution of a scheme to duplicate invoices and payments to vendors of Petitioner's employer, and route the duplicate payments to Petitioner's personal accounts.

Petitioner entered a plea of guilty to Counts I and II of the Indictment on February 17, 2011.  Petitioner entered his plea pursuant to a written plea agreement.  That agreement contained the following factual statement: "Using this scheme, I was able to cash approximately $300,000 of fraudulent . . . checks, and I attempted to cash approximately $100,000 more."[2]  The Presentence Report ("PSR") prepared in Petitioner's criminal case set forth the facts of Petitioner's scheme to defraud, and concluded that the total loss for sentencing purposes was $404,388.  This resulted in a 14-level increase in the offense level under the Advisory Sentencing Guidelines pursuant to U.S.S.G. § 2B1.1(b)(1)(H).  Neither Petitioner nor his counsel objected to this loss figure or to the language contained in the plea agreement.

On May 5, 2011, Petitioner was sentenced to a 37 month term of imprisonment.  No direct appeal was taken.

Petitioner filed a § 2255 Motion on May 4, 2012.  In his Motion, Petitioner claimed that his "counsel was ineffective in failing to challenge the inclusion as relevant conduct the value of one check which increased his offense level two levels and therefore increased his advisory

---

[2]Case No. 2:10-CR-284, Docket No. 27, at 3.

Guideline range."[3]  The Court held an evidentiary hearing on Petitioner's Motion on May 22, 2013.  On June 6, 2013, the Court denied Petitioner's § 2255 Motion.

## II.  DISCUSSION

Federal Rule of Civil Procedure 60(b) provides the vehicle by which a party may seek relief from a "final judgment, order, or proceeding."[4]  In the context of a habeas proceeding

> a "true" 60(b) motion . . . either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application . . . or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[5]

Conversely, "a 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction."[6]

The Tenth Circuit Court of Appeals has provided the "steps to be followed by district courts in this circuit when they are presented with a Rule 60(b) motion in a habeas or § 2255 case."[7]  The Court must first determine whether the motion is a true Rule 60(b) motion or a second or successive petition.[8]

> If the district court concludes that the motion is a true Rule 60(b) motion, it should rule on it as it would any other Rule 60(b) motion.  If, however the district

---

[3]Docket No. 11, at 3 (internal quotation marks and citation omitted).

[4]Fed. R. Civ. P. 60(b).

[5]*Spitznas v. Boone*, 464 F.3d 1213, 1215–16 (10th Cir. 2006).

[6]*Id*.

[7]*Id*. at 1216.

[8]*Id*.

court concludes that the motion is actually a second or successive petition, it should refer the matter to [the Tenth Circuit] for authorization . . . ."[9]

Petitioner argues that his Motion for Relief is a true Rule 60(b) motion because the court "failed to resolve the underlying legal issue in this case; namely, whether counsel was ineffective for failing to challenge the inclusion of an invoice in the intended loss amount for sentencing purposes."[10] According to Petitioner, "this court completely failed to address the merits of his claim raised in his 28 U.S.C. § 2255 motion."[11]

In support of this argument, Petitioner cites *Peach v. United States*.[12] In that case, the court held that the district court erred in finding that the petitioner's Rule 60(b) motion was a second or successive § 2255 motion because the district court failed to consider one of the petitioner's underlying claims. The *Peach* court reasoned that such a result was proper because the defect complained of "l[ay] not in the district court's resolution of the merits of the claim (since it never reached those merits), but in its failure to make any ruling on a claim that was properly presented in the petitioner's habeas petition."[13]

Unlike the petitioner in *Peach*, here Petitioner brings only one claim.[14] Petitioner's claim is that counsel in his underlying criminal proceeding "did not object to the inclusion of an

---

[9]*Id*. at 1217.

[10]Docket No. 35, at 2.

[11]*Id*. at 3.

[12]486 F.3d 1269 (10th Cir. 2006) (per curiam).

[13]*Id*. at 1271 (internal quotation marks and citation ommited).

[14]*See id.* at 1270.

invoice for which no fraudulent check was either deposited or cashed as intended loss to enhance the total loss amount."[15] That claim was the subject of each of the Court's decisions in this case. The Court directly rejected Petitioner's ineffective assistance of counsel claim in its Memorandum Decision and Order Denying § 2255 Motion.  In that Order, the Court held that "the evidence and record in this case do not support Petitioner's allegations of ineffective assistance of counsel" and that "because Petitioner's ineffective assistance claim fails, his challenge to the loss amount and PSR are procedurally barred."[16]

In sum, the Court finds that Petitioner's Motion for Relief seeks "vindication of a habeas claim by challenging the [Court's] previous ruling on the merits of that claim."[17]  Therefore, the Court finds that it is a second or successive petition that should be referred to the Tenth Circuit. However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[18]

The Tenth Circuit has identified factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion.  These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in

---

[15] Docket No. 1, at 4.

[16] Docket No. 32, at 5.

[17] *Spitznas*, 464 F.3d at 1216 (internal quotation marks and citation omitted).

[18] *See* 28 U.S.C. § 1631.

good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[19]

Considering these factors, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion for Relief.  As a result, the Court will dismiss Petitioner's Motion for lack of jurisdiction.

### III.  CONCLUSION

It is therefore

ORDERED that Petitioner's Motion for Relief from Order Denying Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Docket No. 33 in Case No. 2:12-CV-444 TS) is DISMISSED for lack of jurisdiction.  It is further

ORDERED that Petitioner's Motion to Request to Submit for Decision (Docket No. 36) is DENIED AS MOOT.

DATED   September 16, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[19] *In re Cline*, 531 F.3d at 1249, 1251 (10th Cir. 2008).